UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81252-MC-MARRA/JOHNSON

IN RE:

A MATTER UNDER INVESTIGATION
BY GRAND JURY NUMBER 1

_____/



## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on the Receiver's Motion to Enforce Subpoena for Non-Party Deposition [DE 1]. The instant motion was referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge for the Southern District of Florida, and is now ripe for judicial review. DE 2. For the following reasons, the undersigned respectfully recommends said motion be denied.

This matter originates from the criminal convictions of Joseph B. Brunson, Timothy McQueen, and Tony Pough in the United States District Court for the District of South Carolina on counts of money laundering, mail fraud, conspiracy to commit fraud, and transportation of stolen goods. See United States v. Pough et al., No. 08-00516. Brunson, McQueen, and Pough defrauded thousands of investors through a Ponzi scheme operated through a number of individuals and companies, collectively known as "Three Hebrew Boys" ("3HB"). In an ancillary civil proceeding, the District Court appointed Beattie B. Ashmore as the Receiver, and tasked Ashmore with locating and seizing all property and assets controlled or owned by 3HB. See In re: A Matter Under Investigation by Grand Jury Number 1, No. 07-00135, DE 24.

1

Pursuant to these duties, the Receiver sought the production of documents from and the deposition of Hubert Bowe, who was allegedly an "independent representative" of 3HB. According to the Receiver, Bowe acted as a salesman or promoter in the 3HB Ponzi scheme, and personally profited in large sums from his participation. On April 22, 2010, this Court issued a subpoena to Bowe commanding his appearance at a deposition scheduled for May 25, 2010. See DE 1 at 15, Ex. B. Upon arriving at Bowe's residence and finding that Bowe was not home, the process server substitute served Francis Defay, a co-occupant. Id. at 23, Ex. C.

On the morning of the deposition, attorney Adrian Nunez, a partner in the Criminal & Traffic Defense Group, P.A. in Miami, Florida, e-mailed the Receiver and stated that Bowe would not be attending the deposition. Id. at 31, Ex. D. Nunez cryptically claimed that he did not "formally represent" Bowe and that he had "no knowledge as to whether service was proper." Id. Nunez also asserted that Bowe was "out of the country" and that Bowe and his wife had made "extraneous (sic) efforts to comply and they are requesting a 30 day reset." Id. When confronted with the possibility of further legal action to compel the depositions, Nunez requested "the opportunity to convey the details of your message before you proceed with any sanctions." Id. at 32, Ex. E.

The Receiver now moves the Court to hold Bowe in contempt, to compel his appearance at a new deposition, and to compel payment of the Receiver's expenses incurred in coercing Bowe's appearance. There has been no response filed to the Receiver's motion. The undersigned has examined the relevant record and concludes that, despite clear evidence that Bowe had actual knowledge of the deposition, service of process of the subpoena in this case was defective. The undersigned therefore

recommends that the Receiver's motion be denied.

Under Federal Rule of Civil Procedure 45(a)(2)(B), a party may lawfully depose a non-party witness via a subpoena issued "from the court for the district where the deposition is to be taken." Rule 45 jurisdiction over a non-party witness thus requires a properly issued and served subpoena with respect to the discovery requested. See Smith v. Pefanis, 652 F. Supp. 2d 1308, 1338 (N.D. Ga. 2009). Under Rule 45(e), a court that issues a subpoena may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

The procedure for serving a non-party witness is outlined in Rule 45(b)(1), which states that "[s]erving a subpoena requires delivering a copy to the named person." Under Rule 45(b)(1), a deposing party must therefore effect personal, in-hand service on the person to be deposed.[1] Courts will not compel discovery when a party fails to follow the prescribed methods of service and notice in Rule 45(b)(1). See Florida Media, Inc. v. World Publications, LLC, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (failure to notify opposing counsel pursuant to Rule 45(b)(1) and Rule 5(b) rendered subpoenas "void and unenforceable").

Here, it is evident that Hubert Bowe was never personally served with the subpoena. The return of service filed with the Court indicates that the process server substitute served a co-habitant of Bowe's residence, not Bowe himself. While the undersigned acknowledges

---

[1] Some federal courts have relaxed the personal service requirement, reasoning that service is effective so long as the subpoena is "delivered" in some fashion to the person. See King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997). District courts in the Eleventh Circuit have held that personal service is required under Rule 45(b)(1). See Truck Pro Holding Corp. v. Garner, No. 09-00035, 2009 WL 3425673, at *1 (S.D. Ala. Oct. 22, 2009); MAC Funding Corp. v. ASAP Graphics, Inc., No. 08-61785, 2009 WL 1564236, at *1 (S.D. Fla. June 3, 2009); Johnson v. Petsmart, Inc., No. 06-1716, 2007 WL 2852363, at *2 (M.D. Fla. Oct. 2, 2007).

that Bowe was presumably aware of the subpoena, actual knowledge of a pending subpoena does not allow the deposing party to circumvent the requirements of Rule 45.[2] See Monex Financial Services Ltd. v. Nova Information Systems, Inc., No. 08-00137, 2008 WL 5235135, at *2 (M.D. Fla. Dec. 15, 2008) (service via Federal Express was ineffective despite confirmation of delivery). Because service was defective under Rule 45(b)(1), the undersigned finds that the Court is powerless to sanction Bowe for his failure to attend the deposition or compel him to attend another deposition.

In accordance with the foregoing findings and conclusions, it is hereby **RECOMMENDED** that the Receiver's Motion to Enforce Subpoena for Non-Party Deposition [DE 1] be **DENIED**. The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Kenneth A. Marra, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir.1993).

**RESPECTFULLY SUBMITTED** in Chambers this 17th day of November, 2010 at West Palm Beach, Florida.

_____
Linnea R. Johnson
United States Magistrate Judge


cc   The Honorable Kenneth A. Marra
     All counsel of record

---

[2] The Court also notes that Nunez professed to have no knowledge as to whether service was proper in this case.