UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81252-MC-MARRA/JOHNSON

IN RE:

A MATTER UNDER INVESTIGATION
BY GRAND JURY NUMBER 1
_____/

ORDER AND OPINION

THIS CAUSE is before the Court upon the Receiver's Motion to Enforce Subpoena for Non-Party Deposition and for Contempt and Sanctions [DE 1].[1]

THIS MATTER was referred to the Honorable Linnea R. Johnson, United States Magistrate Judge, Southern District of Florida.  A Report and Recommendation dated November 17, 2010, has been filed recommending that the motion be denied [DE 4].  The Court has carefully considered the Report, the Receiver's Objections, Mr. Hubert Bowe's various filings, and is otherwise fully advised in the premises.  There is no indication that Mr. Bowe has attempted to evade service or that the Receiver is incapable of effecting personal service upon Mr. Bowe.

The sole issue presented is whether service of a subpoena on a non-party individual must be accomplished by in-hand personal delivery to the named individual or whether substitute service upon a "co-occupant/member of household" is

---

[1] The Receiver indicates in his response that he abandons his request for a finding of contempt and for sanctions and requests only that the Court compel compliance with the subpoena.

permitted pursuant to Federal Rule of Civil Procedure 45 ("Rule 45").  Rule 45(b)(1) provides, in pertinent part, that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1).  Although the Rule does not use the term "personal service," many courts have interpreted the relevant language as only permitting this method of service.

Wright & Miller state that the "longstanding interpretation of Rule 45 has been that personal service of subpoenas is required," based on the literal construction of the word "delivering" in the Rule:

> The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. Under this construction, contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.  Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed. 2010); *see also, e.g.*, *MAC Funding Corp. v. ASAP Graphics, Inc.*, No. 08-61785-MC, 2009 WL 1564236, *1 (S.D. Fla. June 3, 2009) (court powerless to enforce subpoena because it was not personally served) (Zloch, J.); *Federal Trade Comm'n v. Compagnie e Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) ("[C]ompulsory process [under Rule 45] may be served upon an unwilling witness only in person").[2]

---

[2] *See also, e.g., Scottsdale Ins. Co. v. Education Mgmt., Inc.*, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007); *Accurso v. Cooper Power Sys., Inc.*, 2008 WL

Wright & Miller also note, however, an "emerging minority position" that "service of a subpoena under Rule 45 [is] proper absent personal service." Wright & Miller, § 2454; *see, e.g., Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (interpreting Rule 45(b)(1) to allow service by other than personal delivery if it is a method that ensures the subpoena is placed in the actual possession or control of the person served); *In re Falcon Air Express, Inc.*, Case No. 06-11877-BKC, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008)

---

2510140, at *4-5 (W.D.N.Y. June 19, 2008) (concluding after examining the leading treatises and acknowledging a split in the case law, that "delivering" in Rule 45 means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this nonparty actual[ly] receives this Court process"); *Briarpatch Ltd., L.P. v. Geister Roberdeau, Inc.*, 2006 WL 1311967 (S.D.N.Y. May 12, 2006); *Chima v. U.S. Dept. of Defense*, 23 F.App'x 721, 724 (9th Cir. 2001) (district court did not err in refusing to compel defense witnesses to comply with subpoenas served by mail rather than personal service); *Agran v. City of New York*, 1997 WL 107452, at *1 (S.D.N.Y. March 11, 1997) (noting that "the weight of authority is that a subpoena duces tecum must be served personally" and "the Court is without authority to sanction an alternative form of service"); *Benford v. American Broadcasting Co., Inc.*, 98 F.R.D. 40 (D. Md. 1983); *In re: Johnson & Johnson*, 59 F.R.D. 174 (D. Del. 1973); *Gillam v. A. Shyman, Inc.*, 22 F.R.D. 475 (D. Alaska 1958); *Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, 2007 WL 842989 (M.D. Fla. Mar. 19, 2007) (subpoena invalid in absence of evidence of service); *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685 (N.D. Ga. 2002) (service of a subpoena on a nonparty witness was not accomplished when the subpoena was left with the witness' wife); *Conanicut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (holding that service of subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity); *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, 2008 WL 3833238, at *2 (S.D.N.Y. Aug.15, 2008) (purpose of requiring delivery to a named person is to "ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process").

(Cristol, J.) (adopting minority position that substitute service of a subpoena is effective on a non-party witness under Rule 45).[3] Although Rule 45 was amended in 2001, 2005, 2006 and most recently December 1, 2007, when most of these "minority" decisions were handed down, the revisors did not expand the methods of

---

[3] *See also Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1364984, at *3 (D. Kan. May 9, 2007) (The language of Rule 45 "neither requires in-hand service nor prohibits alternative means of service"); *Ultradent Prods., Inc. v. Hayman*, 2002 WL 31119425, at *3-4 (S.D.N.Y. Sept. 24, 2002) (holding that service of subpoena by certified mail was sufficient under FRCP 45(b)(1), which merely requires "deliver[y]"); *Cohen v. Doyaga*, 2001 WL 257828, at *3 (E.D.N.Y. Mar. 9, 2001) (permitting service of a subpoena by mail because "[p]ersonal service of a subpoena on a non-party in a bankruptcy proceeding is not required, and may be accomplished in a manner 'reasonably calculated to give the non-party notice of the proceedings and an opportunity to be heard'"); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *1-2 (S.D.N.Y. Jan. 3, 2000) (holding that certified mail was sufficient to serve a non-party with subpoena, especially in light of repeated attempts at service); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)(no need for personal service of Rule 45 subpoena "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness"); *Doe v. Hersemann*, 155 F.R.D. 630, 630-631 (N.D. Ind. 1994) (plain language of Rule 45(b)(1) requires only that a subpoena be delivered to the person being served; nothing in the language of the Rule suggests that in-hand, personal service is required to effectuate delivery); *First Nationwide Bank v. Shur*, 184 B.R. 640, 642 (E.D.N.Y. 1995) ("'delivering' a copy of a subpoena, for the purposes of Rule 45 includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect"); *Hinds v. Bodie*, 1988 WL 33123, at *1 (E.D.N.Y. Jan. 26, 1988) (court ordered service by alternative means after five unsuccessful attempts to serve subpoena on non-party witness); *Cartier v. Geneve Collections, Inc.*, 2008 WL 552855, at *1 (E.D.N.Y. Feb.27, 2008) (agreeing that "'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service"); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (holding that because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met").

service.  See David D. Siegel, Practice Commentaries, Fed. R. Civ. P. 45, cmt. C45-9 (West Supp. 2010) (internet only) ("An effort by the revisors to expand the methods of service, at least in designated circumstances, would have been welcome.  It was not to be, however, and personal delivery remains the sole method prescribed [under Rule 45(b) ]"), see also 139 F.R.D. 197 (1992).  Authority in this circuit suggests that a subpoena such as the one served in this case must be personally handed to the person named on the subpoena.  See Harrison v. Prather, 404 F.2d 267, 273 (5th Cir. 1968)[4] (service of subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity under Rule 45).

    This Court agrees with the Magistrate Judge and the majority of courts that have addressed this issue in concluding that service under Rule 45(b)(1) must be personal to the named individual.  The Receiver's argument that Mr. Bowe has waived any defense of insufficiency of process because he has filed a "motion" on the merits is rejected.  The document Mr. Bowe has labeled as a motion to dismiss, motion to proceed in forma pauperis, and an intent to file a counterclaim, is this pro se defendant's untrained attempt to challenge the subpoena.  As there is no apparent impediment to personally serving Mr. Bowe, and no evidence of attempts by Mr. Bowe to evade service, it is hereby

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

ORDERED AND ADJUDGED that the Magistrate Judge's Report and Recommendation [DE 4] is affirmed.  The Receiver's Motion to Enforce Subpoena for Non-Party Deposition and for Contempt and Sanctions **[DE 1] is DENIED**.  There being nothing further for the Court, this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of February, 2011.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record

Hubert Bowe
123 North Congress Ave., Suite 313
Boynton Beach, FL 33426